# In the United States Court of Federal Claims

RON A. MCDOW,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

No. 21-732T
(Filed April 1, 2025)

Greg H. Oakley, BuildLaw PLC, Nashville, TN, for plaintiff.

Katherine R. Powers, Tax Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting in Part and Denying in Part the Government's**
**Motion for Reconsideration of the Court's Judgment on the Motion to Dismiss**

**SILFEN,** *Judge.*

In October 2024, the court issued an order granting in part and denying in part the government's motion to dismiss Dr. McDow's complaint. The court denied the government's motion to dismiss Dr. McDow's claim for a 2012 tax refund, finding Dr. McDow's complaint and accompanying documents sufficient at the motion-to-dismiss stage to overcome the presumption that IRS records are correct for purposes of showing that Dr. McDow timely mailed a tax return. The court also denied the government's motion to dismiss Dr. McDow's 2013 claim, finding that, even though no party had argued about the informal claim doctrine, Dr. McDow had submitted a timely informal tax refund claim sufficient to overcome a motion to dismiss. The court granted the government's motion to dismiss Dr. McDow's 2014 claim.

1

The government moves for reconsideration of that order with respect to 2012 and 2013 under this court's rule 54(b). The government argues that the court should not have accepted Dr. McDow's evidence for 2012 and that Dr. McDow did not submit a valid informal claim for 2013 because his informal filing was untimely. The government's arguments for 2012 rehash the same arguments that the court addressed in the motion to dismiss, and the government fails to demonstrate that justice requires revisiting the court's decision to accept Dr. McDow's evidence at the motion-to-dismiss stage. For 2013, however, the court agrees with the government—now that the government has fully addressed the informal claim doctrine—that under the existing case law, and given Dr. McDow's failure to provide any plausible counter-argument, Dr. McDow's informal tax refund must be deemed untimely. Thus, this court will deny the government's motion for reconsideration for tax year 2012; the court will grant the government's motion for tax year 2013 and will dismiss that claim.

**I.    Discussion**

Under this court's rules, a party may seek reconsideration of a judge's order. *See* Rules of the Court of Federal Claims (RCFC), Rules 54(b), 59, 60. When final judgment has been entered, Rules 59 and 60 govern the motion for reconsideration, and the moving party must show "extraordinary circumstances to justify relief." *Crews v. United States*, 424 F. App'x 937, 940-41 (Fed. Cir. 2011); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).

For interlocutory orders and other orders that do not adjudicate all claims, a party may seek reconsideration under RCFC 54(b). *E&I Global Energy Services, Inc. v. United States*, 152 Fed. Cl. 524, 530 (2021); *see generally Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991). Unlike reconsideration of a final decision, the court has broad discretion to review its own decision under this court's rule 54(b) and decide whether "justice requires" reconsideration. *E&I Global*, 152 Fed. Cl. at 532-33; *see Greene v. Union Mutual Life Insurance Co. of America*, 764

F.2d 19, 22 (1st Cir. 1985); *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015). Under the as-justice-requires standard, the court may consider new arguments and evidence as the case develops. Reconsideration under RCFC 54(b) has a lower bar than reconsideration under RCFC 59 or 60. *Cobell*, 802 F.3d at 25-26. But even under RCFC 54(b), the moving party "may not merely reassert arguments that were previously made and carefully considered by the court." *Boston Edison Company v. United States*, 156 Fed. Cl. 632, 637 (2021).

### A.  Justice does not require revisiting the court's decision to deny the government's motion to dismiss Dr. McDow's 2012 tax refund claim

The government first argues that the court wrongly determined that Dr. McDow had provided evidence of submitting a tax return for 2012 that was sufficient to overcome a motion to dismiss. ECF No. 77 at 11-12. As the court laid out in its initial decision (ECF No. 73), Dr. McDow provided photocopies of certified mail receipts that he argues show that he mailed his tax return, but the IRS has no record of receiving the tax return. The court discussed the issue, explaining that IRS records are presumed correct; it is the taxpayer's burden to overcome the presumption; and Dr. McDow overcame the presumption for purposes of a motion to dismiss by providing a certified mail receipt addressed to the IRS and stamped by a postal worker. ECF No. 73 at 8-9. The court explained that the government's remaining arguments did not overcome Dr. McDow's evidence for purposes of a motion to dismiss and that this was not a case like those the government cited involving improper use of certified mail. *Id*. at 9-11 (discussing *Hess v. Commissioner of Internal Revenue*, Nos. 22332-85, 22334-85, 1989 WL 88928 (T.C. August 10, 1989)).

The government argues that, to overcome the presumption that IRS records are correct, the IRS must have the envelope to compare to Dr. McDow's certified mail receipt (ECF No. 77 at 11-12) and that the IRS's official transcripts are presumed accurate (*id.* at 12). But that standard would undermine the taxpayer's ability to ever show that he sent a form using certified mail, if the

3

government did not receive it. And the IRS's regulations allow a taxpayer to provide a certified mail receipt as prima facie proof of mailing. 26 C.F.R. § 301.7502-1(e)(2). The court already addressed whether Dr. McDow can overcome the presumption (ECF No. 73 at 9-11), and justice does not require revisiting it.

The government also argues that the court misapplied the standards for a motion to dismiss under the court's rules 12(b)(1) and 12(b)(6). ECF No. 77 at 13-18. The government states that only uncontroverted facts should be treated as true and construed in a light most favorable to the plaintiff. *Id*. at 14 (citing *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993)). According to the government, the court wrongly treated Dr. McDow's evidence as uncontroverted, when there were inconsistencies in Dr. McDow's testimony, and the court wrongly put the burden on the government to rebut Dr. McDow's arguments.

The court determined that the complaint and any corresponding evidence, taken as a whole, at the motion-to-dismiss stage, was sufficient to overcome the presumption that the IRS's records are correct. ECF No. 73 at 9-11. The court explained that the key document, a certified mail receipt, is noted in IRS regulations as prima facie evidence that the Postal Service delivered the mail to the IRS. *Id*. at 11. While the government argues that Dr. McDow did not properly use certified mail, any questions about Dr. McDow's actions or the authenticity of his documents can be resolved on summary judgment or at trial. ECF No. 77 at 15 n.8; ECF No. 73 at 9-11. And inconsistencies do not automatically require dismissal; those are also for the parties and the court to sort out on summary judgment or at trial. With respect to alleged facts that the government disputes, it cannot be that the government can simply disagree with a plaintiff's allegations and thereby deprive the court of jurisdiction (ECF No. 77 at 14). The court will not decide these factual questions about inconsistencies, either within Dr. McDow's own evidence or between Dr. McDow's factual allegations

and the government's, at the motion-to-dismiss stage. The government fails to show that justice requires a correction.

### B. For 2013, the government has shown that Dr. McDow's Form 843 was an untimely informal refund claim

For 2013, the government argues that justice requires reconsidering whether Dr. McDow filed a timely informal refund claim. Neither Dr. McDow's original complaint nor his amended complaint alleged that he filed an informal 2013 tax return in December 2016. *See* ECF Nos. 1, 42. Instead, he alleged that he timely filed a *formal* 2013 tax return either in April 2015 or in June 2018. ECF No. 42 at 2-4 [¶¶4-22]. Thus, neither party addressed at the motion-to-dismiss stage whether Dr. McDow's Form 843, filed in December 2016, could satisfy the informal claim doctrine. *See* ECF Nos. 48, 51, 54, 63, 72; *but see* ECF No. 48 at 15 (government briefly mentioning the informal claim doctrine in discussing cases). The court explained that, while the parties had not briefed the doctrine, the briefs alleged that Dr. McDow had filed a Form 843, and that form apparently satisfied the requirements for an informal refund claim. ECF No. 73 at 12-16. The court then applied the three-year look-back period of 26 U.S.C. § 6511(a) to determine that the informal claim was timely. *Id*.

The government's motion for reconsideration addresses the issue of the informal claim for the first time and argues that informal claims do not get the benefit of the statutory three-year look-back period unless a formal tax return was filed at the same time. Without a formal return, according to the government, the informal claim must be filed within two years of the tax payment. ECF No. 77 at 19-24 (addressing 26 U.S.C. § 6511(a)). The government argues that Dr. McDow did not file a formal tax return for 2013 until 2018, and therefore he was required to have filed an informal claim within two years of the overpayment. *Id*.

Dr. McDow filed his informal claim more than two years after the overpayment, but within the three-year look-back period. The court twice gave Dr. McDow the opportunity to address the government's arguments regarding the proper timing for an informal claim under the statute. ECF No. 78 (stating that the "court is particularly interested in a response to … the issue identified in section V.B of the government's motion" about the informal claim doctrine); ECF No. 82 (again requesting a response to the same issue after Dr. McDow failed to address that issue in the earlier brief). Dr. McDow instead argued that he filed a formal claim in April 2015 (ECF No. 83 at 1-2), an argument the court already considered and rejected (ECF No. 73 at 13).

The court has reviewed the government's argument. The court agrees that two cases—one from this court and a recent case from the Ninth Circuit—are directly on point and that both hold that an informal claim must be filed within two years of a tax overpayment in the absence of a formal tax return. No party points to, nor can the court find, any case with the opposite result, nor does Dr. McDow present any argument in support of an alternative conclusion. Given the government's uncontested statutory construction, the court agrees that Dr. McDow's informal claim is untimely.

The Internal Revenue Code provides timing restrictions that a taxpayer must follow to claim a tax refund. The Code states, in relevant part, that, if the taxpayer is required to file a return, a refund claim "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). In addition to providing a deadline to file a refund claim, the Code provides a look-back limitation on what a taxpayer can recover with a timely-filed claim. The Code states,

> (A) Limit where claim filed within 3-year period.—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the

> credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. …
>
> (B) Limit where claim not filed within 3-year period.—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

26 U.S.C. § 6511(b)(2).

Under the informal claim doctrine, the courts have long excused a delayed formal refund claim when a taxpayer timely files a placeholder informal claim, if the taxpayer follows up with a formal refund request within a reasonable time. *See United States v. Kales*, 314 U.S. 186, 194 (1941); *Computervision Corp. v. United States*, 445 F.3d 1355, 1364-65 (Fed. Cir. 2006); *American Radiator & Standard Sanitary Corp. v. United States*, 162 Ct. Cl. 106, 114 (1963); ECF No. 73 at 14-15. Thus, the taxpayer can meet a statutory deadline by timely filing a notice that the taxpayer intends to seek a refund, even when the follow-up formal request is filed after the deadline.

The government argues that, even though there is an informal claim doctrine, it applies only partially to this case. According to the government, under section 6511, an informal refund claim does not stand in for a tax *return*; it can only stand in for a separate claim for a refund. ECF No. 77 at 19-24. Therefore, according to the government, if a taxpayer files an informal claim and has not already filed a tax return, that informal claim must be filed within two years of the tax payment, which is the latter statutory deadline, applying to situations where the taxpayer has not filed a tax return. *Id*. at 20. In support of its argument, the government points to two cases that addressed the same issue, *Wertz* from this court and *Libitzky* from the Ninth Circuit. *Id*. at 21-23 (citing *Wertz v. United States*, 51 Fed. Cl. 443, 447 (2002); *Libitzky v. United States*, 110 F.4th 1166, 1169-1171 (9th Cir. 2024)).

7

In *Wertz*, another judge on this court addressed the interplay between the statutory time restrictions and the informal claim doctrine. *Wertz*, like this case, involved an informal claim filed more than two but less than three years after the payment of the tax in question. Judge Allegra held that an informal claim must be filed within two years of the tax payment to be timely. He thus found the taxpayer's informal claim untimely. *Wertz*, 51 Fed. Cl. at 447-49. He explained that, while the IRS can waive its regulatory requirement that a claim be filed on the correct form, it cannot alter Congress's statute of limitations, which represents a waiver of sovereign immunity. *Id*. He further explained that if the court were to give an informal tax claim the three-year look-back period under section 6511(b)(2)(A), it would nullify the two-year look back-period provision under section 6511(b)(2)(B), because a taxpayer could file any document within three years to obtain the benefit of the longer look-back period. *Id*. He reasoned that nullifying the two-year provision would undermine Congress's intent. *Id*.

A recent Ninth Circuit decision came to the same conclusion on the timing for an informal claim. In *Libitzky*, the Ninth Circuit differentiated between the "limitations period" in 26 U.S.C. § 6511(a), which defines when a refund claim must be filed to be timely, and the "look-back" period of 26 U.S.C. § 6511(b), which defines what a taxpayer is eligible to recover. *Libitzky*, 110 F.4th at 1172. The court defined a "refund claim" as a request for a refund of an overpayment, and the "tax return" as the formal filing with the IRS. *Id*. Like in *Wertz*, the Libitzkys filed an informal claim after the two-year tax payment window but within the longer look-back period. *Id*. at 1173-74. The court held that their informal claim was untimely because, as a "claim" and not a "return," it needed to be filed within the two-year limitations period of 26 U.S.C. § 6511(a).

Although the government's reading of the combination of the informal claim doctrine and statute is not the only plausible reading, Dr. McDow presents no competing argument or case that

8

would give the court a reason to read the statute and doctrine another way. The court agrees with the reading of 26 U.S.C. § 6511 provided by the government, *Wertz*, and *Libitzky*, that the statute requires the filing of a formal tax return to get the benefit of the longer look-back period. Generally, a taxpayer will file a refund claim and a tax return at the same time, including the refund claim in the tax return. But in some instances, such as when a taxpayer files an informal claim, the tax return and refund claim are filed on different dates. The statute apparently contemplates that scenario: It provides a timeline for the taxpayer to make a claim when he has not yet filed a "return." 26 U.S.C. § 6511(a). Because the statute differentiates between claims and returns, an informal claim is a "claim" and not a "return" within the meaning of section 6511. Thus, an informal claim filed before a tax return must be filed within two years of the tax payment to be timely. This prevents a long-overdue return from claiming the benefit of a timely-filed claim. As both *Libitzky* and *Wertz* noted, a timely-filed informal claim stops the running of the statute of limitations for a later-filed return that would otherwise have been untimely. *Libitzky*, 110 F.4th 1166 at 1174-75; *Wertz*, 51 Fed. Cl. at 448.

In other words, there is still an informal claim doctrine under *Libitzky* and *Wertz*. But it does not apply to allow an informal claim to stand in for a tax return to give the taxpayer the three-year statutory time period. It instead can stand in for a formal claim when the taxpayer meets the two-year deadline from when the tax was paid.

In this case, Dr. McDow mailed his informal claim on Form 843 in December 2016, more than two years after his January 2014 payment to the IRS. Dr. McDow does not argue that his Form 843 constitutes a timely informal claim. Instead, his only response to the government's statutory argument is that his failed attempt to file a return in April 2015 should count as a tax return for purposes of the statute of limitations, which would give his Form 843 the benefit of the three-

9

year look-back period. ECF Nos. 80, 83. The court addressed that argument (ECF No. 73 at 12-13), and Dr. McDow only repeats it here. On the day of the oral argument, Dr. McDow filed a new document, which is a page from the IRS's Internal Revenue Manual, presumably for the purpose of arguing that the IRS received his April 2015 tax return and therefore should consider it filed. ECF No. 86. But the manual states, "The Received Date does not necessarily establish the filing date." ECF No. 86-1. And regardless, because the IRS rejected the filing, the burden was on Dr. McDow to refile. *See* Frequently Asked Questions, https://www.irs.gov/faqs/electronic-filing-e-file/age-name-or-ssn-rejects-errors-correction-procedures/age-name-ssn-rejects-errors-correction-procedures-3 (explaining that a taxpayer must refile if an electronically filed tax return was rejected). The IRS did not consider it filed. Dr. McDow did not file a tax return for 2013 until 2018, and his informal claim was untimely because it was filed more than two years after the payment to the IRS. 26 U.S.C. § 6511. Thus, the court holds that Dr. McDow's Form 843, if considered an informal claim, was filed too late. The court therefore need not address the government's remaining arguments that the form was addressed to the wrong IRS address and that the claim was not perfected.

The government also argues that any claim for a 2013 tax refund that Dr. McDow might make based on his June 2018 tax return is barred by the three-year look-back period of section 6511(b)(2)(B). That is correct. Dr. McDow did not make a payment covering 2013 for the three years preceding his June 2018 tax return; therefore, Dr. McDow does not have a claim for a refund for 2013.

In sum, all of Dr. McDow's claims for 2013 must be dismissed for failure to state a claim because, under the statute's terms, there are no payments that fall under the applicable look-back period.

II.     **Conclusion**

The court **denies** reconsideration of the government's motion to dismiss Dr. McDow's claim for a 2012 tax refund; Dr. McDow's claim for a 2012 tax refund remains pending. The court **grants** reconsideration of the government's motion to dismiss Dr. McDow's claim for a 2013 tax refund; the court **dismisses** Dr. McDow's claims for tax year 2013. The government **shall file** its answer to the complaint within fourteen days of this decision (*see* RCFC 12(a)(4)(A)(i)).

**IT IS SO ORDERED.**

s/ Molly R. Silfen<br>
MOLLY R. SILFEN<br>
Judge